IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEIDI BRANDISS, on behalf of himself and others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> SURVEY SAMPLING INTERNATIONAL, LLC, </br></br> Defendant. | Case No. 1:13-cv-9304 |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(1) AND 12(B)(6)

Defendant, Survey Sampling International, Inc. ("SSI") by its attorneys, Seyfarth Shaw LLP, respectfully submits this memorandum in support of its motion to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support of its motion, states as follows:

### INTRODUCTION

The Telephone Consumer Protection Act ("TCPA") has created a cottage industry, a fact not lost on courts in this Circuit. *See Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 914-15 (7th Cir. 2011) (vacating class certification of putative class action brought under the TCPA and noting that lawyers specializing in TCPA litigation bring class actions to coerce the defendants into settling because of the magnitude of potential damages). And while courts have allowed expansion of the targeted defendants, giving deference to Congress' draftsmanship, the facts of this case, as pled, fail to identify any palpable injury, as Plaintiff never alleged that she answered the phone. Thus, pursuant to Fed. R. Civ. P. 12(b)(1), this court lacks subject matter jurisdiction over the matter as Plaintiff lacks standing under Article III.

Independent of Plaintiff's failure to establish subject matter jurisdiction, but for similar reasons, Plaintiff fails to set forth allegations sufficient to satisfy the necessary elements of a cause of action under the TCPA, thus warranting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, because Plaintiff never answered the calls alleged to violate the TCPA in this case, she fails to allege an actual factual basis for asserting that the call attempted to her line was either done using a predictive dialer (as she concludes) or contained a pre-recorded voice, either of which are necessary elements to be alleged with actual knowledge to bring a cause of action under the TCPA. Furthermore, Plaintiff asserts, with no factual support, that she did not consent to the call. But federal pleading standards require more, which Plaintiff cannot give, again, because she never answered the call. She cannot state, with any actual knowledge, that she did or did not consent to the call, the subject matter of the call, the purpose of the call, or on whose behalf the call was made. Without any of those facts alleged, Plaintiff does not meet her burden under the standards set forth in *Iqbal* and *Twombly*.

Wherefore, SSI respectfully requests this Court dismiss Plaintiff's complaint, with prejudice, under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

## BACKGROUND FACTS

Most notable about Plaintiff's complaint is the absence of facts. For example, Plaintiff concludes, in Paragraph 11, that SSI used "predictive dialing equipment." (Complaint, ¶ 10-11). Yet, she does not explain, as she must, the basis for such a conclusion. Similarly, Plaintiff concludes, in Paragraph 13, that she "did not consent to these calls." (Complaint, ¶ 13). Yet, how could she possibly know, when she never answered the call? Indeed, as discussed below, courts in this district require more than just a bare-bones recitation of the element without explanation of the basis for reaching that legal conclusion. What is missing are actual facts to support her conclusions, such as: (1) why she knows a predictive dialer was used in her call; (2)

who made the call; (3) on whose behalf the call was made; (4) whether she provided consent to either the maker of the call or the entity on whose behalf the call was made; (5) whether she answered the call, or a voice message was left; and (6) an actual allegation of what palpable injury she suffered. To that end, Plaintiff makes no effort to even describe an injury, stating only, again in a conclusory fashion, that "Plaintiff and the class were substantially damaged...." (Complaint, ¶ 14.) Ultimately, all Plaintiff provides is a statement of the elements of the TCPA. Such a bare-bones statement, however, is insufficient to state a cause of action or to allow this Court jurisdiction over her claim.

## ARGUMENT

### I.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). In evaluating such a motion to dismiss, the court accepts all well-pleaded facts in the complaint and reasonable inferences from those facts in plaintiff's favor. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). However, a district court may properly look beyond the jurisdictional allegations to determine whether subject matter jurisdiction exists where pertinent evidence was submitted. *Id.* The burden of proof is on the party asserting jurisdiction. *Martin v. Leading Edge Recovery Solutions, LLC*, No. 11 C 5886, 2012 US Dist. LEXIS 112795 (N.D. Ill. Aug. 10, 2012)[1] citing *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See, e.g., Lock Realty Corp. v. U.S. Health, LP*, No. 3:13cv994, 2014 WL 129323 (N.D. Ind. Jan. 13, 2014). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible

---

[1] All unpublished opinions are attached to this memorandum as Exhibit A.

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requirement cannot be satisfied with "labels and conclusions" or "a formulaic recitation of the elements." *Id.* Instead, a plaintiff must plead sufficient facts to support each element of each claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (emphasis added). And while a complaint must be construed in a light favorable to the plaintiff, and the court must accept all material facts alleged in the complaint as true, *see, e.g., Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 978 (7th Cir. 1999), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 29 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555). To be sure, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

## II. PLAINTIFF LACKS STANDING UNDER ARTICLE III TO BRING A TCPA CLAIM.

Simply put, Plaintiff did not allege, nor did she actually suffer, any "injury in fact" as required by Article III. Therefore, Plaintiff cannot meet her burden to establish subject matter jurisdiction in this case.

Article III of the Constitution confines the federal judicial power to "cases" or "controversies," which implicitly requires that a party invoking the court's jurisdiction have standing to do so. *Kyles v. JK Guardian Security Services, Inc.*, 222 F.3d 289 (7th Cir. 2000). In order to establish Article III standing, a plaintiff must allege: 1) an injury in fact, 2) a causal connection between the injury and the conduct complained of, and 3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact is "an invasion of a legally protected interest which is a) concrete and particularized and b) actual or imminent, not conjecture or hypothetical. *Id.*

An "injury may exist by virtue of a violation of statutorily-created legal rights so long as the plaintiff is within the class of persons who are given a statutory right to relief and alleges a 'distinct and palpable injury to himself.'" *Martin*, 2012 US Dist. LEXIS 112795 at *7 citing *Wrath v. Seldin*, 422 US 490, 501 (1975). Although Congress may expand standing by virtue of statutes such as the TCPA, it is well-settled that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997). The United States Supreme Court stated:

> Congress may, by legislation, expand standing to the full extent permitted by Article III, thus permitting litigation by one "who otherwise would be barred by prudential standing rules." In no event, however, may Congress abrogate the Article III minima: A plaintiff must always have suffered "a distinct and palpable injury to himself…that is likely to be redressed if the requested relief is granted.

*Gladstone Realtors, v. Village of Bellwood,* 441 US 91 (1979) (citations omitted). In essence, even where a plaintiff claims harm by the violation of a statute, a plaintiff must still establish an injury in order to have standing to sue under Article III. *See Panko v. Discover Financial Services LLC,* 458 F. Supp. 2d 580 (N.D. Ill. 2006)(concluding plaintiff in FCRA case had no standing because he had no actual or statutory damages); *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898 (N.D. Ill. 2012)(finding Plaintiff did not sufficiently allege Article III standing for Illinois Consumer Fraud and Deceptive Business Practices Act and stating that statutory standing is not a substitute for Article III standing). Thus, a plaintiff must state more than simply a statute was violated, *ergo* an injury occurred. Rather, the "proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated." *Doe v. Nat'l Board of Med. Exam'rs*, 199 F.3d 146, 153 (3d Cir. 1999); *Sterk v. Best Buy Store, L.P.*, No. 11 C 1894, 2012 U.S. Dist. LEXIS 150872, * 16-17 (N.D. Ill. Oct. 17,

2012) (Darrah, J.) (rejecting argument that a statutory violation, in and of itself, satisfies Article III standing).

In the TCPA context, this Court recently reiterated that the TCPA protects privacy interests by preventing nuisance telephone calls to cell phones and property interests by preventing the wasted cost of receiving the call. *Martin*, 2012 US Dist. LEXIS 112795 at *9-10; *Torres v. National Enterprise Systems*, No. 12 C 2267, 2012 US Dist. LEXIS 110514, *8 (N.D. Ill. Aug. 7, 2012). However, where, as here, the Plaintiff never answered any phone call or received any message, there was no privacy interest or property interest implicated and, therefore, Plaintiff did not suffer any injury or damage that would provide standing for a TCPA claim. Furthermore, the only allegation Plaintiff makes as to "damage" is that she, and the class members "suffered substantial damage." (Complaint, ¶ 14.) This is precisely the type of conclusory allegation courts reject. *Thrasher-Lyon*, 861 F. Supp. 2d at 908 ("Plaintiff asserts in conclusory terms that she 'was damaged as a direct and proximate result' of Defendant's violation of the Illinois Consumer Fraud Act. [...] Therefore, the Court finds that Plaintiff has not sufficiently alleged that she has Article III standing to proceed with her ICFA claims.")

SSI anticipates that Plaintiff will direct this Court to several decisions rejecting the argument that a particular plaintiff lacks standing under the TCPA, relying on cases such as *Markovic v. Appriss, Inc.*, No. 1:13-cv-1439, 2013 US Dist. LEXIS 181689, *2-3 (S.D. Ind. Dec. 31, 2013) (plaintiff received a voicemail message played by a computer); *Strickler v. Bijora, Inc.*, No. 11 CV 3468, 2012 US Dist. LEXIS 156830, *3 (N.D. Ill. Oct. 30, 2012)(plaintiff received over fifty text messages); *Mitchem v. Ill. Collection Serv.*, No. 09 C 7274, 2010 US Dist. LEXIS 76581 *1, *3, *4-5 (N.D. Ill. July 29, 2010) (defendant left plaintiff a prerecorded voice message); *Abbas v. Selling Source, LLC,* No. 09 CV 3413, 2009 US Dist. LEXIS 116697

*1 (ND. Ill. Dec. 14, 2009) (plaintiff received unsolicited text messages). Each case, however, has one critical and distinguishing fact. In each of those cases, the defendant actually connected with the plaintiff, and the plaintiff received content from the defendant, either in the form of a pre-recorded voice, voice message or text.[2]

Here, Plaintiff fails to allege that she suffered from either the privacy interest or property interest that the TCPA was intended to protect.

### III. PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Alternatively, this Court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) as Plaintiff fails to plead any factual detail to support her conclusory mimicking of the TCPA elements. Indeed, under similar circumstances, Judge Aspen granted a 12(b)(6) motion lacking sufficient factual support for the alleged TCPA claim. *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 US Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012)

In *Johansen*, the plaintiff alleged that the defendant left pre-recorded messages on his cellular phone using an automatic telephone dialing system ("ATDS"). The court engaged in a thoughtful and careful survey of case law in this district related to TCPA allegation, ultimately concluding that while the plaintiff need not describe the technical aspects of the ATDS at issue, she must do more than recite the facts that mirror the elements; rather, she must provide "supporting detail." *Id.* at * 9.

Thus, the court looked to other cases wherein the pleadings met the standards set forth by the United States Supreme Court in *Iqbal*, to justify an allegation that an ATDS was used, such

---

[2] This analysis is consistent with analysis related to the prohibitions related to facsimile transmissions in the TCPA, in which the Southern District of Florida dismissed a TCPA complaint for lack of standing because the Plaintiff had no knowledge of the fax at issue, never saw it and could not establish receipt of the fax other than through an expert report, obtained by Plaintiff's counsel, showing a fax was sent to plaintiff's number. *Palm Beach Golf Center-Boca, Inc. v. Sarris*, No. 12-80178, 2013 US Dist. LEXIS 155912 (S.D. Fla. Oct. 22, 2013)

as alleging that there was "a delay prior to a live person speaking," *see Connelly v. Hilton Grand Vacations Co., LLC*, No. 12 CV 599, 2012 U.S. Dist. LEXIS 81332, at * 13 (S.D. Cal. June 11, 2012). The Court explained that a plaintiff could describe

> the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversion with the "person" calling him, the generic content of the message or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS.

*Id.* at *10.

In this instance, like *Johansen*, the complaint here contains only a conclusory allegation that the Plaintiff was called using an ATDS. (Complaint at ¶¶ 3, 11). Plaintiff fails to provide any details or facts that support her conclusory allegation. As Judge Aspen explained, it "is not unreasonable, however, to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS." *Id.* at *11. Without such detail plead, SSI respectfully requests this Court dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For all of the reasons stated above, SSI respectfully requests Plaintiff's complaint be dismissed with prejudice, either pursuant to Fed. R. Civ. P. 12(b)(1) for lack of Article III standing or 12(b)(6) for failure to state a claim.

| | |
|---|---|
| DATED: April 7, 2014 | Respectfully submitted, |
| | |
| Daniel M. Blouin (dblouin@seyfarth.com)<br>Jason P. Stiehl (jstiehl@seyfarth.com)<br>Seyfarth Shaw LLP<br>131 S. Dearborn Street, Suite 2400<br>Chicago, Illinois 60603-5577<br>Telephone: (312) 460-5000<br>Facsimile: (312) 460-7000 | SURVEY SAMPLING<br>INTERNATIONAL, LLC.<br><br>By: /s/ Jason P. Stiehl |
| *Attorneys for Defendant,*<br>*Survey Sampling International, LLC* | |

## CERTIFICATE OF SERVICE

Jason P. Stiehl, an attorney, certifies that on April 7, 2014, he caused a true and correct copy of the foregoing **Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave, Suite 9020
> Chicago, Illinois 60601

> /s/ Jason P. Stiehl
> Jason P. Stiehl